IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CLEVELAND, on behalf of Cleveland County and all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-12-00569-F |
| 1) MERSCORP, INC., 2) MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., 3) SPIRITBANK, 4) BANK OF OKLAHOMA, N.A., 5) BANK OF AMERICA, NATIONAL ASSOCIATION, 6) CHASE HOME MORTGAGE, INC., 7) CITIMORTGAGE, INC, 8) GMAC RESIDENTIAL FUNDING CORPORATION, 9) PRINCIPAL RESIDENTIAL MORTGAGE, INC., 10) SUNTRUST MORTGAGE, INC., 11) WELLS FARGO BANK, N.A., 12) U.S. BANK NATIONAL ASSOCIATION, and 13) DOE CORPORATIONS I-MMM, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT SPIRITBANK'S RESPONSE TO
PLAINTIFF'S MOTION TO REMAND AND BRIEF IN SUPPORT**

Defendant SpiritBank respectfully submits this Response to Plaintiff's Motion to Remand and Brief in Support.[1]  In further support of this Response, SpiritBank states as follows:

## INTRODUCTORY STATEMENT

On October 25, 2011, Plaintiff filed this action against the Defendants.  Plaintiff's allegations center on MERS, a "private computer system" that allows its members to "register and track changes in ownership interests in mortgages."  When a loan is registered with MERS, the initial security instrument is recorded in county recording offices with MERS designated as a mortgagee or beneficiary as the nominee for the Lender.  Once MERS instruments are recorded in county land records, MERS members do not usually record subsequent, intermediate mortgage assignments. Plaintiff brought this suit, alleging that the use of MERS violates Oklahoma law because each mortgage assignment is not recorded with the county clerk where the property is located.  Plaintiff asserts that Defendants avoided paying county recording fees as a result.  Plaintiff is seeking relief in the form of a declaratory judgment, permanent injunction, and unjust enrichment.

Although Plaintiff asserts blanket claims and allegations against generic "Defendants," Plaintiff fails to assert any specific allegations against SpiritBank. Because Plaintiff has only asserted generic claims against SpiritBank and BOK (non-

---

[1] By filing this Response, SpiritBank does not intend to waive any affirmative defense it may assert. *See McCurtain County Production Corp. v. Cowett*, 482 F. Supp. 809 (E.D. Okla. 1978).

diverse Defendants), the other Defendants removed this action to the Eastern District. Plaintiff filed a Motion to Remand asserting that SpiritBank and BOK are not nominal parties and not fraudulently joined to defeat diversity.  However, because Plaintiff's allegations against nominal Defendants, SpiritBank and BOK, do not defeat removal, Plaintiff's Motion must be denied.

<u>**RELEVANT PROCEDURAL HISTORY**</u>

1.  On October 25, 2011, Plaintiff filed this action against twelve named Defendants. (Dkt. #1, Exh. 1).

2.  Plaintiff stated that BOK and SpiritBank were Oklahoma corporations who conduct business in Oklahoma.  (*Id.* at ¶¶15-16).

3.  The only allegation specifically naming SpiritBank is the allegation identifying SpiritBank as an Oklahoma corporation that maintains its principal place of business in Tulsa, Oklahoma. (*Id.*).

4.  On, May 18, 2012, the diverse Defendants filed a Notice of Removal with this Court.  (Dkt. #1).

5.  On June 20, 2012, Plaintiff filed a Motion to Remand.  (Dkt. #32).[2]

---

[2] On June 28, 2012, this Court granted Plaintiff's Motion to file a Corrected Motion to Remand. (Dkt. #36).  However, Plaintiff has not yet filed the Corrected Motion.

## ARGUMENT AND AUTHORITIES

"A defendant's right of removal . . . 'cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.' *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 66 L. Ed. 144 (1921)" *Slover v. The Equitable Variable Life Insurance Co.*, 443 F.Supp.2d 1272, 1276 (N.D. Okla. 2006). The party invoking the federal court's diversity jurisdiction bears the burden of establishing the jurisdictional requirements. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). *Id.* In this case, the diverse Defendants filed a Notice of Removal asserting that all jurisdictions requirements were met as non-diverse Defendants SpiritBank and BOK were fraudulently joined. (Dkt. #1).

A defendant seeking removal on fraudulent joinder grounds bears a "heavy burden." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998). Fraudulent joinder must be shown by clear and convincing evidence, resolving "all factual and legal issues" in plaintiff's favor. *Id.* Defendant must show either "outright fraud" in the pleadings or that there is "no possibility, based on the pleadings" of stating a claim involving the non-diverse party. *Id.*

Under the doctrine of fraudulent joinder, one party joins at least one non-diverse party to the action in an attempt to destroy diversity. Fraudulent joinder occurs in two situations: when the party joins a non-diverse party fraudulently or in bad faith, or when "the plaintiff clearly cannot maintain a state law claim against the non-diverse defendant." *Slover v. Equitable Variable Life Ins. Co.*, 443 F.Supp.2d 1272, 1279 (N.D.

Okla. 2006) (internal citations omitted).  Under this doctrine, courts do not peer into the motives behind the joinder, but rather simply inquire into whether an action can be maintained against the non-diverse party.  *City of Neodesha, Kansas v. BP Corporation North America Inc.*, 355 F.Supp.2d 1182, 1187 (D. Kan. 2005) ("Fraudulent joinder is a term of art, which does not reflect on the integrity of plaintiff or counsel, but rather exists regardless of the plaintiff's motives when the circumstances do not offer any other justifiable reason for joining the defendant.") (internal citation omitted).  The court may grant removal in either of these two situations, regardless of the motive behind the original joinder.

The Tenth Circuit has found fraudulent joinder constitutes a voluntary action and has therefore held that remand to the state court based on the voluntary-involuntary rule would be improper under the circumstances.  *See Roe v. General American Life Ins. Co.*, 712 F.2d 450, 452 n. * (10th Cir. 1983) (holding that "joinder of a resident defendant against whom no cause of action is pled, or against whom there is in fact no cause of action, will not defeat removal"); *see also Smith v. Bar-S Foods Co.*, 2006 WL 1134938 at *3 n. 2 (W.D. Okla.) (noting authorities have found that "the involuntary rule may not apply to fraudulently joined defendants" as long as involuntary change is not on the case's merits) (citing 16 *Moore's Federal Practice*, § 107.30[3][a] nn. 41-42); *Todd Holding Co., Inc. v. Super Valu Stores, Inc.*, 744 F.Supp. 1025, 1027 (D. Colo. 1990) (holding that fraudulent joinder "presents an exception to the voluntary-involuntary rule

and allows removal without a voluntary act on plaintiff's part") (internal citation omitted).

When a party claims fraudulent joinder, the federal court must delve into the record to determine whether the non-diverse party has been fraudulently joined. While most removal actions only require the court to examine the pleadings, the Tenth Circuit has directed the lower court to "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir, 1964). Upon this review, the court must retain the case when it finds that the joinder of the non-diverse party was a "patent sham" or when no recoverable cause of action exists against that party, even when one appeared properly alleged in the pleading. *Id.*; *see also Todd Holding Co.,* 744 F. Supp. at 1027 ("If the plaintiffs fraudulently joined [the non-diverse defendant] solely to destroy diversity, the defendants' motion to dismiss should be granted, and subject matter jurisdiction would be proper in this court.").

In this case, all Defendants, except SpiritBank and BOK, joined in the Notice of Removal. (Dkt. #1). However, neither SpiritBank nor BOK need join in removal when they are nominal parties. *See Wilson v. Oswego Township*, 151 U.S. 56, 64, 14 S.Ct. 259, 262 (1894) (Although generally all defendants must join in the notice of removal, nominal or formal parties, being neither necessary nor indispensable, are not required to join in the notice). Because SpiritBank is a nominal party and has only been named in this suit to defeat federal jurisdiction, removal to this Court is proper.

**A.  SpiritBank is a nominal party who was joined to defeat diversity.**

A party is nominal if there is no possibility the plaintiff would be able to establish a cause of action against the party.  *Farias v. Bexar Co. Bd. of Trustees*, 925 F.2d 866, 871-72 (5th Cir. 1991). Whether a defendant is a nominal party depends on the facts of each case, and the determination typically hinges on whether the defendant's role in the lawsuit is that of a depository or a stakeholder.  *Tri Cities Newspapers, Inc. v. Tri-Cities P.P.&A. Local* 349, 427 F.2d 325, 327 (5th Cir. 1970).

Aside from generic references to "Defendants," the Petition is devoid of any specific allegations against SpiritBank.  The Plaintiff fails to allege SpiritBank is even a MERSCORP member.   There are no allegations that SpiritBank failed to record mortgages and mortgage assignments of MERS-registered loans secured by property in Cleveland County.   The absence of specific allegations of wrongdoing by SpiritBank demonstrates it was fraudulently joined.  *See Lobato v. Pay Less Drug Stores, Inc.*, 261 F.2d 406, 408-09 (10th Cir. 1958) (finding fraudulent joinder where the complaint "failed to charge in specific terms any specific acts on the part of the [non-diverse] defendants" sufficient to allege a cause of action against them); *Ryan v. State Farm Fire and Cas. Co.*, No. 09-CV-138, 2010 WL 56153, *6 (N.D. Okla. Jan. 4) (finding fraudulent joinder where, after piercing the pleadings and examining the evidence, the court found no statements supporting plaintiff's slander claim); *Reed v. Safeway Stores, Inc.*, 400 F. Supp. 702, 704 (N.D. Okla. 1975) (finding fraudulent joinder where complaint alleged conduct by non-diverse defendant for which plaintiff had no cause of action); *see also*

7

*Cavallini v. State Farm Mut. Auto Ins.*, 44 F.3d 256, 260–61 (5th Cir.1995) (finding fraudulent joinder when nondiverse defendant was not named individually in any counts of complaint, though was named in caption, introductory paragraph, and otherwise only referred to in allegations against collective "Defendants").

### B. Plaintiff may not maintain an action against SpiritBank based on *Okla. Stat.* tit. 46, §§ 8, 10.

Joinder is fraudulent when a cause of action is stated against a resident defendant but "in fact no cause of action exists." *Dodd v. Fawcett Publications*, 329 F.2d 82, 85 (10th Cir. 1964).  Here, Plaintiff asserts that all "Defendants" violated *Okla. Stat.* tit. 46, §§ 8, 10, by failing to record mortgage assignments.  However, these statutes do not mandate the recording of a mortgage assignment.  *New and Used Lumber and Supply, Inc. v. Whitehill*, 632 P.2d 1251, 1252 (Okla. Civ. App. 1981) states: "[N]one of these statutes purports to declare void an unrecorded mortgage or deed intended as a mortgage. They simply say that recording of a deed intended as a mortgage unaccompanied by a written explanation of its true character shall impart no constructive notice to anyone."

Moreover, *Okla. Stat.* tit. 16, §§15-16 provides that the validity of a mortgage or real estate instrument does not depend on recordation.  Rather recordation merely provides "constructive notice of the contents thereof to subsequent purchasers, mortgagees, encumbrances or creditors." *Id.* at §16.  *See Anson Corp. v. Corp. Com'n of State of Okla.*, 839 P.2d 676 (Okla. Civ. App. 1992); *West v. Justice ex rel. Justice*, 185 P.3d 412, 414 (Okla. Civ. App. 2007).  Because Plaintiff have no cause of action pursuant to sections 15 and 16, Plaintiff's claim against SpiritBank fails.

8

## CONCLUSION

WHEREFORE, based on the arguments and authorities set forth above, Defendant SpiritBank respectfully requests that this Court deny Plaintiff's Motion to Remand.


Respectfully submitted,

LATHAM, WAGNER, STEELE & LEHMAN, P.C.


__s/Marcus N. Ratcliff_____

Kenneth E. Wagner, OBA #16049
Marcus N. Ratcliff, OBA #19201
Brynna Schelbar, OBA #21348
Brandy L. Shores, OBA #22187
10441 South Regal Boulevard, Suite 200
Tulsa, Oklahoma  74133
918-970-2000
918-970-2002 (fax)
*Attorneys for Defendant SpiritBank*

## CERTIFICATE OF MAILING

This is to certify that on the 11th day of July, 2012, a true and correct copy of the above and foregoing document has been sent to all counsel via CM-ECF, to:

Stanley M. Ward
R. Ben Houston
Ward & Glass, LLP
1821 East Imhoff Road
Norman, Oklahoma  73071

And

Stanley D. Berstein
Christian Siebott
Sara P. Goodman
Bernstein Liebhard, LLP
10 East 40th Street
New York, New York  10016
*Attorneys for Plaintiff*

S. Brent Bahner
Fischl, Culp, McMillin, Chaffin,
Bahner & Long, LLP
100 "E" St. SW/PO Box. 1766
Ardmore, OK 73402
*Attorneys for MERSCORP*
*And U.S. Bank NA*

Mark E. Harden
Pierce Counch Hendrickson
Baysinger & Green, LLP
1100 Petroleum Club Bldg.
601 S. Boulder Ave.
Tulsa, OK 74119
*Attorneys for Bank of America, NA, Suntrust*
*Mortgage, Inc., and Wells Fargo Bank, NA*

Joe E. Edwards
Joel W. Harmon
Brandee L. Buening
Crowe & Dunlevy

20 N. Broadway, Ste. 1800
Oklahoma City, OK 73102

And

Mary Beth Hogan
Dino L. LaVerghetta
Debevoise & Plimpton
919 Third Ave.
New York, NY 10022
*Attorneys for JP Morgan Chase Bank, NA*

P. Russell Perdew
Locke Lord LLP
111 S. Wacker Drive
Chicago, IL 60606
*Attorneys for U.S. Bank NA*

Eric R. Schelin
Frederic Dorwart
124 East Fourth St.
Tulsa, OK 74103
*Attorneys for BOKF, NA d/b/a Bank of Oklahoma*

<u>Marcus. N. Ratcliff</u>