**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CLEVELAND,<br><br>    Plaintiff,<br><br>vs.<br><br>MERSCORP, INC., et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.  CIV-12-0569-F<br>)<br>)<br>)<br>) |

**ORDER**

The pending motion for remand raises issues regarding diversity of citizenship. The motion argues that the defendants identified at paragraphs 15 and 16 of the petition, SpiritBank and Bank of Oklahoma N.A., respectively, are citizens of Oklahoma so that complete diversity does not exist.  In response, the removing defendants argue, among other things, that the joinder of these two defendants is fraudulent.  Thus, the citizenship of these two entities is material to the motion to remand.  Moreover, the court always has a duty to determine its own jurisdiction.

For the above reasons, clarification of certain underlying jurisdictional information is required with respect to the defendant described at ¶ 16 of the petition as "Bank of Oklahoma N.A. (BOK)."

The petition alleges as follows.  "Defendant Bank of Oklahoma N.A. (BOK), a subsidiary of BOK Financial Corporation (d/b/a Bank of Oklahoma N.A.), is an Oklahoma corporation that maintains its principal place of business in Tulsa, Oklahoma. As a national organization, Defendant BOK conducts business in the State of Oklahoma." Petition, ¶ 16.  Although there is no express allegation that this

defendant is a national banking association, the petition's use of the initials "NA" following the name "Bank of Oklahoma" indicates that this defendant is alleged to be a national association, *i.e.* a bank that is federally chartered.

BOK's answer *denies* the allegations in ¶ 16 of the petition "but admits that BOK<u>F</u>, NA [of which defendant BOK is alleged to be the subsidiary] is a national association which does business as Bank of Oklahoma in the State of Oklahoma." The answer also states that "BOK further admits that it maintains its principal place of business in Tulsa, Oklahoma." Doc. no. 1-3, ¶ 16.

The removing defendants' papers appear to concede that Bank of America, NA (as well as SpiritBank) is a citizen of Oklahoma. The notice of removal, however, does not explain what underlying information establishes the citizenship of Bank of America, NA.

In these circumstances clarification is first required that Bank of Oklahoma, NA, is, in fact, a national banking association.[1] If that is the case, then additional jurisdictional information is needed because a national bank is a citizen of the state in which its <u>main</u> office <u>as set forth in its articles of association</u> is located. <u>Wachovia Bank v. Schmidt</u>, 546 US. 303, 306-07 (2006); *and see*, <u>Wells Fargo Bank, N.A. v. WMR e-Pin, LLC</u>, 653 F.3d 702, 709 (8th Cir. 2011) (holding a national bank whose principal place of business is in a state different from the state where its main office is located is a citizen only of the state in which its main office is located). The court has been unable to locate information in the record which identifies the state of Bank of Oklahoma NA's main office as designated in that entity's articles of association.

---

[1] SpiritBank, by contrast, does not appear to be a national association. This defendant's name does not include the initials "NA." The petition alleges that SpiritBank is an Oklahoma corporation which maintains its principal place of business in Tulsa, Oklahoma, and alleges that SpiritBank is a national organization that conducts business in Oklahoma. Petition, ¶ 15.

The removing parties, as the parties who invoked this court's jurisdiction and raised fraudulent joinder issues, are **DIRECTED** to specify by way of a short notice filed within seven days from the date of this order, where in the record the missing jurisdictional information is located. If the missing jurisdictional information is not in the record, then the notice shall provide the information.

Nothing stated in this order should be interpreted as suggesting any view on the part of the court regarding the merits of the motion to remand.

Dated this 31st day of July, 2012.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

12-0569p008.wpd